IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHELLY LAMB | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:24-cv-02030 |
| | ) | |
| | ) | |
| KANSAS DEPARTMENT OF CORRECTIONS | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EXTENSION OF TIME TO PERFECT SERVICE OF PROCESS**

COMES NOW Plaintiff Shelly Lamb ("Plaintiff") and for her Motion for Extension of Time to Perfect Service of Process states as follows:

1. Plaintiff filed this cause of action on January 23, 2024.

2. Plaintiff contacted Natash Carter, Attorney for the Kansas Department of Corrections via email on January 23, 2024, requesting she accept the Notice of Lawsuit and Waiver of Summons.

3. Ms. Carter declined to accept the waiver and summons via email on January 25, 2024. Ms. Carter did not indicate the Defendant would not accept the Notice and Waiver entirely, only that she was not authorized to accept it via email.

4. Counsel for Plaintiff then mailed a copy of the Notice and Waiver to the Defendant at 714 SW Jackson, Suite 300, Topeka, KS 66603 via U.S. Postal Service, First Class.

5. Defendant did not respond to Plaintiff's Notice and Waiver request.

6. Plaintiff subsequently requested a summons from the United States District Court for the District of Kansas.

7. Plaintiff mailed the summons and service packet to the Shawnee County Sheriff's Department Civil Process Division for service on April 16, 2024.

8. On May 6, 2024, Plaintiff received notice of this Court's Order to Show Cause regarding service of process, whereupon Plaintiff immediately contacted the Shawnee County, Kansas Sheriff's Department to inquire regarding the status of service of process.

9. The Shawnee County Sheriff's Department reported to counsel for Plaintiff that it had not received a service packet for Plaintiff's case and presumed the service packet to be lost in the mail.

10. To the best of her memory, counsel for Plaintiff believes she mailed the service packet to the Shawnee County Sheriff's Department for service but upon further investigation discovered she does not have a postal receipt for said packet.

11. Counsel for Plaintiff believes she took appropriate steps to timely perfect service and asks this Court for additional time to cure the service defect.

12. Counsel for Plaintiff has engaged a private process server for the purpose of immediately perfecting service in this matter and requests additional time to perfect service on or before May 31, 2024.

13. Counsel for Plaintiff is attempting to have service completed this week through the private process server and believes that service will be accomplished within the next two days as of the filing of this Motion.

14. Plaintiff's request for an extension of time to serve Defendant is not made for the purposes of delay or vexing the Court and allowing Plaintiff additional time to perfect service of Defendant is in the interests of justice.

15. A dismissal of Plaintiff's case, even without prejudice, could work substantial harm to Plaintiff, whose case had to be filed within 90 days of the issuance of the Notice of Right to Sue from the Equal Employment Opportunity Commission.

16. Plaintiff filed her case prior to the filing deadline when she filed her Complaint for Damages on January 23, 2024.

17. A dismissal of Plaintiff's case will cause her filing to fall outside the 90-day deadline for filing suit and will effectively act as a dismissal with prejudice. *Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).

WHEREFORE, Plaintiff requests this Court sustain her Motion for Extension of Time to Perfect Service of Process granting Plaintiff until May 31, 2024, to perfect service, and for any further relief this Court deems necessary.

Respectfully Submitted,

MISSOURI KANSAS QUEER LAW

/s/ *Madeline Johnson*
Mary Madeline Johnson, D. Kan. # 77985
103 W. 26th Avenue, Suite 170
North Kansas City, Missouri 64116
Telephone: (816) 607-1836
Email: madeline@mokanqueerlaw.com

ATTORNEY FOR PLAINTIFF