IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHELLY LAMB,

    Plaintiff,

v.

KANSAS DEPARTMENT OF
CORRECTIONS,

    Defendant.

Case No. 24-2030-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Shelly Lamb filed this action alleging sex discrimination and retaliation under Title VII against Defendant Kansas Department of Corrections. Plaintiff has twice failed to properly serve Defendant, and the Court has issued two show cause orders—each ordering Plaintiff to show cause why the suit should not be dismissed without prejudice for failure to serve within the time required by Fed. R. Civ. P. 4(m). In response to the first show cause order, Plaintiff attempted to serve Defendant by personally serving Jim Evans, the records manager for Defendant. But that attempt was deficient because it did not comply with Fed. R. Civ. P. 4(j). The Court alerted Plaintiff of this deficiency in its order denying Plaintiff's Application for Clerk's Entry of Default (Doc. 9). Plaintiff having still failed to effect service nearly four months later, the Court issued another show cause order.

This matter is now before the Court on the Notice and Order to Show Cause (Doc. 10). Plaintiff has filed a Response (Doc. 11). Though finding that Plaintiff has not shown good cause for the failure to timely serve, the Court uses its discretion to extend the time to serve Defendant. The Court explains this decision, below.

When considering whether to dismiss a plaintiff's action for failure to timely effect service or extend the time to serve, the Tenth Circuit has articulated a two-step framework that guides the Court's analysis.  At the first step, the district court must inquire whether the plaintiff has demonstrated good cause for the failure to timely effect service.[1]  Good cause requires the plaintiff to show "meticulous efforts to comply with the rule";[2] counsel's mistakes or "ignorance of the rules" is rarely sufficient.[3]  If the plaintiff shows good cause, she is entitled to a mandatory extension of time to effect proper service.[4]  At the second step, even in the absence of good cause, the court may in its discretion grant a permissive extension of time.[5]  Relevant factors for the court to consider when deciding whether to grant a permissive extension include whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[6]

Here, Plaintiff has not shown good cause for failure to effect timely service.  Far from making meticulous efforts to properly and timely serve Defendant, Plaintiff has—through several mistakes—not correctly served Defendant.  The first attempt at service failed for an inadvertent error: Plaintiff attempted to mail the summons to Defendant, but it was lost in the mail.[7]  Once alerted to that fact, Plaintiff hired a private process server to personally serve Jim Evans,

---

[1] *Murphy v. City of Tulsa*, 556 F. App'x 664, 667 (10th Cir. 2014) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

[2] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).

[3] *Id.* (first citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); and then citing *Despain*, 13 F.3d at 1439).

[4] *Murphy*, 556 F. App'x at 667.

[5] *Id.*

[6] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) (citations omitted); *Hopkins v. Clinton*, No. CV 09-185, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009) (citing *Espinoza*, 52 F.3d at 841−42).

[7] Doc. 5 ¶ 9.

Defendant's records manager.  But, through counsel's mistaken understanding of Rule 4(j)(2), which requires Defendant to be served either by (1) service on Defendant's "chief executive officer" or (2) service "in the manner prescribed by the state's law," that attempt at service also failed because Jim Evans did not appear to be Defendant's CEO and personal service on Evans did not comply with K.S.A. § 60-304(d)(5) (2005), which requires "serving the attorney general or an assistant attorney general."  In addition to these mistakes, Plaintiff has delayed in attempting to perfect service.  Even after the Court explained Rule 4(j)(2)'s requirements in its memorandum and order, Plaintiff failed to serve Defendant—for four months.  Even in the month that has elapsed between the Court's most recent show cause order and the deadline set in the order, Plaintiff has not served Defendant.  Because Plaintiff has not shown the meticulous effort that Rule 4(m) requires for good cause, Plaintiff is not entitled to a mandatory extension of time to properly serve Defendant.

     Even so, the Court will use its discretion to grant a permissive extension of time.  Although the delay in service is substantial, three other facts guide the Court's discretion.  Defendant apparently has notice of the action,[8] Defendant would not be prejudiced by an extension of time, and Plaintiff's claims would be prejudiced because Title VII's 90-day filing requirement[9]—which ran in February—would prevent Plaintiff from refiling her claims.  The Court therefore extends the time for Plaintiff to effect service until January 14, 2025.

     As noted above, the Tenth Circuit has instructed that the time delay in properly effecting service under Rule 4(m) weighs in the Court's analysis about whether to use its discretion to extend the time to serve or dismiss without prejudice.  In January 2025, Plaintiff will have failed

---

[8] Doc. 11 ¶ 3.
[9] 42 U.S.C. § 2000e-5(f)(1).

3

to properly serve Defendant for one year. At that point, that extraordinary delay—combined with the fact that the Court's July 24, 2024 Memorandum and Order spelled out how Plaintiff must serve Defendant—would overwhelm the other considerations discussed above. The Court will not again use its discretion to extend Plaintiff's time to serve Defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff shall have until **January 14, 2025,** to effect proper service. If Plaintiff fails to timely effect service within the extension of time permitted, this case will be dismissed without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: December 18, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE