## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHELLY LAMB,

               Plaintiff,

v.

KANSAS DEPARTMENT OF CORRECTIONS,

               Defendant.

Case No. 24-2030-JAR-TJJ

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant Kansas Department of Corrections ("KDOC"), by and through its counsel of record, Eric W. Barth and Bradley J. Schlozman of Hinkle Law Firm LLC, and for its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages ("Complaint"), alleges and states as follows:

1.     Defendant admits, upon information and belief, the allegations of paragraph 1.

2.     Defendant admits the allegations of paragraph 2.

3.     Defendant admits the allegations of paragraph 3.

4.     Defendant admits the allegations of paragraph 4.

5.     Defendant admits the allegations of paragraph 5.

6.     Defendant denies that it committed any of the alleged unlawful practices alleged in Plaintiff's Complaint.

7.     Defendant admits the allegations of paragraph 7.

8.      Defendant admits that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on February 9, 2023, alleging sex discrimination and retaliation.

9.      Defendant admits the allegations of paragraph 9.

10.     Defendant admits the Complaint was filed within 90 days after the issuance of the Notice of Right to Sue, but otherwise denies that Plaintiff timely served Defendant.

11.     Defendant states that Paragraph 11 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies same.

12.     Defendant admits the allegations of paragraph 12.

13.     Defendant admits that Plaintiff's job position at Hutchinson Correctional Facility ("HCF") was Unit Team Supervisor up until the time she quit her employment at HCF on or about August 5, 2022.  In further response, Defendant denies that Plaintiff was constructively dismissed from her employment at HCF.

14.     Defendant admits, upon information and belief, that Plaintiff identifies as a transgender woman.

15.     Defendant states that Paragraph 15 contains a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies same.

16.     Defendant admits the allegations of paragraph 16.

17.     Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 and, therefore, denies same.

18.    Defendant admits that Plaintiff met with HCF's Human Resources Assistant Director, Heidi Chiles, but states that said meeting occurred on October 8, 2021, not October 8, 2022 as alleged.

19.    Defendant denies the allegations of paragraph 19.

20.    Defendant denies the allegations of paragraph 20.

21.    Defendant admits that Plaintiff was told she needed official documentation of an official name and sex change before her name and sex would be changed on official records, a policy applied to any employee seeking such changes for any reason.

22.    Defendant denies the allegations of paragraph 22.

23.    Defendant admits the allegations of paragraph 23.

24.    Defendant denies the allegations of paragraph 24.

25.    Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 25 and, therefore, denies same.

26.    Defendant admits that on or about October 10, 2021, Plaintiff wrote a letter to HCF's Human Resources Director, Christina Peach, which speaks for itself. Defendant denies the allegations of paragraph 26 to the extent they are inconsistent with the language of Plaintiff's October 10, 2021 letter. In further response, Defendant denies that this letter is attached as Exhibit B to Plaintiff's Complaint.

27.    Defendant states that Plaintiff's October 10, 2021 letter speaks for itself. Defendant denies the allegations of Paragraph 27 to the extent they are inconsistent with the language of Plaintiff's October 10, 2021 letter.

28.     Defendant states that Plaintiff's October 10, 2021 letter speaks for itself. Defendant denies the allegations of Paragraph 28 to the extent they are inconsistent with the language of Plaintiff's October 10, 2021 letter.

29.     Defendant states that Plaintiff's October 10, 2021 letter speaks for itself. Defendant denies the allegations of Paragraph 29 to the extent they are inconsistent with the language of Plaintiff's October 10, 2021 letter.

30.     Defendant admits that Plaintiff was told she needed official documentation of an official name change before her name would be changed on official records, a policy applied to any employee seeking a name change for any reason.  In further response, Defendant states that Plaintiff used her preferred name after October 2021, both in person and in her work email.

31.     Defendant admits that Plaintiff was told she needed official documentation of an official name change before her name would be changed on official records, a policy applied to any employee seeking a name change for any reason.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant is without sufficient information or knowledge to admit or deny whether Plaintiff ever avoided using any of the restrooms at HCF.  Defendant denies the remaining allegations of paragraph 33.

34.     Defendant is without sufficient information or knowledge to admit or deny whether Plaintiff suffered great distress, anxiety, depression, embarrassment or humiliation and, therefore, denies same.  Defendant denies the remaining allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

36.     Defendant admits the allegations of paragraph 36.

37.     Defendant admits that Plaintiff brought a Court Order granting her Petition for Name Change to the HCF Personnel Office on January 7, 2022.  In further response, Defendant states that HCF's Personnel Office processed Plaintiff's name change that very same day and sent an email to HCF staff informing them of Plaintiff's name change.

38.     Defendant denies the allegations of paragraph 38.

39.     Defendant denies the allegations of paragraph 39 as Plaintiff's name change was already processed in January 2022.

40.     Defendant denies the allegations of paragraph 40.

41.     Defendant denies the allegations of paragraph 41.

42.     Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 42 and, therefore, denies same.  In further response, Plaintiff never made a complaint regarding any such alleged harassment.

43.     Defendant denies the allegations of paragraph 43.

44.     Defendant admits the allegations of paragraph 44.

45.     Defendant admits that Plaintiff's job responsibilities changed and her case load ceased to exist when the dorm she was working in was closed and the residents removed due to the COVID-19 pandemic.  In further response, Defendant denies that the change in Plaintiff's job responsibilities was in any way related to Plaintiff's gender transition.

46.     Defendant denies the allegations of paragraph 46.

5

47.     Defendant admits that Plaintiff's job responsibilities changed and her case load ceased to exist when the dorm she was working in was closed and the residents removed due to the COVID-19 pandemic, but otherwise denies the allegations of paragraph 47.

48.     Defendant admits that Plaintiff's job responsibilities changed and her case load ceased to exist when the dorm she was working in was closed and the residents removed due to the COVID-19 pandemic, but otherwise denies the allegations of paragraph 48.

49.     Defendant admits that Plaintiff's job responsibilities changed and her case load ceased to exist when the dorm she was working in was closed and the residents removed due to the COVID-19 pandemic, but otherwise denies the allegations of paragraph 49.

50.     Defendant denies same as Plaintiff's job responsibilities changed and her case load ceased to exist when the dorm she was working in was closed and the residents removed due to the COVID-19 pandemic.  In further response, Defendant changed Plaintiff's job responsibilities in an effort to keep her employed at HCF during the pandemic.

51.     Defendant admits the allegations of paragraph 51.

52.     Defendant denies the allegations of paragraph 52.

53.     Defendant denies the allegations of paragraph 53.

54.     Defendant denies the allegations of paragraph 54.

55.     Defendant denies the allegations of paragraph 55.

56.    Defendant denies the allegations of paragraph 56.

57.    Defendant admits that Defendant moved Plaintiff's office on or about April 20, 2022, back to the basement office in D3 that she had previously occupied.  In further response, Defendant states that Plaintiff had requested she be moved back to that basement office, which she previously stated she "loved."

58.    Defendant denies the allegations of paragraph 58.

59.    Defendant denies the allegations of paragraph 59.

60.    Defendant denies the allegations of paragraph 60.

61.    Defendant denies the allegations of paragraph 61.

62.    Defendant denies the allegations of paragraph 62.

63.    Defendant denies the allegations of paragraph 63.

64.    Defendant denies the allegations of paragraph 64.

65.    Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 65 and, therefore, denies same.  In further response, Defendant states that Plaintiff had the option to file a disciplinary report on any resident she felt was being disrespectful, but Plaintiff filed no such reports.

66.    Defendant is without sufficient information or knowledge to admit or deny the allegations of paragraph 66 and, therefore, denies same.  In further response, Defendant states that Plaintiff never filed a complaint against a co-worker she believed should have assisted her on a particular occasion.

67.    Defendant admits that inmates from time to time catcall female employees at HCF, but otherwise denies the allegations of paragraph 67.

68.     Defendant denies Plaintiff's characterization of any alleged harassment or catcalling by inmates of female employees and HCF's employees' response to same.

69.     Defendant denies the allegations of paragraph 69.

70.     Defendant denies the allegations of paragraph 70.

71.     Defendant denies the allegations of paragraph 71.

72.     Defendant denies the allegations of paragraph 72.

73.     Defendant incorporates by reference its responses to all prior paragraphs as if fully set forth herein.

74.     Defendant admits, upon information and belief, that Plaintiff identifies as a transgender woman.  Defendant states that the remaining allegations of Paragraph 74 are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies same.

75.     Defendant denies the allegations of paragraph 75.

76.     Defendant denies the allegations of paragraph 76.

77.     Defendant denies the allegations of paragraph 77.

78.     Defendant denies the allegations of paragraph 78.

79.     Defendant denies the allegations of paragraph 79.

80.     Defendant denies the allegations of paragraph 80.

81.     Defendant denies the allegations of paragraph 81.

82.     Defendant denies the allegations of paragraph 82.

83.     Defendant denies the allegations of paragraph 83.

84.     Defendant incorporates by reference its responses to all prior paragraphs as if fully set forth herein.

85.     Defendant states that Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies same.

86.     Defendant denies the allegations of paragraph 86.

87.     Defendant denies the allegations of paragraph 87.

88.     Defendant denies the allegations of paragraph 88.

89.     Defendant denies the allegations of paragraph 89.

90.     Defendant denies the allegations of paragraph 90.

91.     Defendant denies the allegations of paragraph 91.

92.     Defendant denies the allegations of paragraph 92.

93.     Defendant denies the allegations of paragraph 93.

94.     Defendant denies the allegations of paragraph 94.

95.     Unless specifically admitted herein, each and every allegation, count, claim and prayer for relief contained in Plaintiff's Complaint, including the relief requested in any prayer for relief included in unnumbered paragraphs, is denied.

## AFFIRMATIVE DEFENSES

96.     Plaintiff has failed to state a claim upon which relief can be granted.

97.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

98.     Plaintiff's claims are barred, in whole or in part, by estoppel.

9

99.     Plaintiff's claims are barred, in whole or in part, by waiver.

100.     Plaintiff's claims are barred, in whole or in part, on the basis of the *Faragher-Ellerth* defense established by *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998).

101.     Plaintiff's claims are barred, in whole or in part, on the basis of the bona fide occupational qualification defense.

102.     Plaintiff's purported damages are not of the nature and extent alleged.

103.     Plaintiff has failed to mitigate her damages, if any.

104.     Defendant has not engaged in unlawful conduct which was willful, wanton or malicious towards Plaintiff and Plaintiff has not properly asserted or supported her claims for punitive damages.

105.     Defendant reserves the right to assert additional defenses as may be revealed by discovery, further investigation, or further factual developments in this case, and reserves the right to amend its Answer to assert any such defenses, which are specifically incorporated herein.

WHEREFORE, having answered Plaintiff's Complaint for Damages, Defendant Kansas Department of Corrections requests that the Court deny Plaintiff the relief requested; that Plaintiff go hence with her costs; and that Defendant Kansas Department of Corrections have such other and further relief as the Court deems just and equitable under the premises including, but not limited to, such reasonable attorneys' fees as are permitted by law.

## JURY TRIAL DEMAND

Defendant Kansas Department of Corrections hereby demands a trial by jury as provided by Fed.R.Civ.P. 38(a).

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D. Kan. Rule 40.2, Defendant Kansas Department of Corrections designates Wichita, Kansas, as the place of trial.

Respectfully submitted,

HINKLE LAW FIRM LLC

By /s/ Eric W. Barth
  Eric W. Barth (KS Bar #21193)
  Bradley J. Schlozman (KS Bar #17621)
  1617 North Waterfront Parkway, Suite 400
  Wichita, Kansas 67206
  Telephone:  (316) 267-2000
  Facsimile:  (316) 630-8466
  E-mail:  ebarth@hinklaw.com
     bschlozman@hinklaw.com
  *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 3rd day of February, 2025, the above and foregoing was filed with the Clerk of the Court by using the CM/ECF system which will send email notification of electronic filing to counsel for all parties of record.

/s/ Eric W. Barth

Eric W. Barth