Rev. 12/29/2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHELLY LAMB,

          Plaintiff,

v.

KANSAS DEPARTMENT OF CORRECTIONS,

          Defendant.

Case No. 24-cv-2030-JAR-TJJ

## SCHEDULING ORDER

On March 17, 2025, U.S. Magistrate Judge Teresa J. James conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiff Shelly Lamb appeared through counsel Mary Madeline Johnson of Missouri Kansas Queer Law, by phone. Defendant Kansas Department of Corrections appeared through counsel Eric W. Barth and Bradley Schlozman of Hinkle Law Firm LLC, by phone.[1]

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SHELLY LAMB v. KANSAS DEPARTMENT OF CORRECTIONS<br>24-cv-2030-JAR-TJJ<br>SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Exchange documents identified in R. 26 disclosures | **March 17, 2025** |
| Plaintiff's settlement proposal | **April 15, 2025** |
| Motions to amend or join additional parties | **April 28, 2025** |
| Defendant's settlement counter-proposal | **April 30, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 7, 2025** |
| Experts disclosed | **May 23, 2025** |
| Motion to change trial location | **June 2, 2025** |
| Physical and mental examinations | **June 6, 2025** |
| Mediation completed | **June 16, 2025** |
| Rebuttal experts disclosed | **June 23, 2025** |
| ADR report filed | **14 days after mediation held** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **September 17, 2025** |
| Proposed pretrial order due | **September 26, 2025** |
| Pretrial conference by telephone | **October 6, 2025 at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **October 29, 2025** |
| Motions challenging admissibility of expert testimony | **42 days before trial unless Daubert challenge encompasses a summary judgment issue, then due October 29, 2025** |
| Jury Trial in Wichita — ETT 5 days | **Set after ruling on dispositive motions** |

1.      **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 15, 2025**. Defendant must make a good-faith counter-proposal by **April 30, 2025**  By **May 7, 2025**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_james_chambers@ksd.uscourts.gov.*  These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **June 16, 2025**. Defense counsel must **file an ADR report within 14 days after any scheduled ADR process**, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

2.      **Discovery.**

      **a.**      The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.  To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **March 17, 2025**.  Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e).  In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires.  Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

      **b.**      All discovery must be commenced or served in time to be completed by **September 17, 2025**.

      **c.**      The parties agree that principles of comparative fault do not apply.

      **d.**      As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **May 23, 2025** and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **June 23, 2025**.  The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.  These objections should be confined to technical objections related to the sufficiency

of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

  **e.**  The parties are not yet sure whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **June 6, 2025**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

  **f.**  The court finds there are no discovery issues which need to be addressed at this time.

  **g.**  Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows: The parties do not anticipate the need to discover ESI associated with various documents. The parties agree to initially produce to the opposing party any item containing ESI in a "static" format (e.g., PDF), thereby allowing documents produced to be indexed and individually marked through "Bates" stamping, and the producing attorney and/or producing party shall keep the original file, containing ESI, throughout the litigation. If the need to discover ESI associated with any such file arises, the parties will confer and work together to determine how best to produce the file and associated ESI. Any party seeking assistance from the Court shall be responsible for detailing all efforts taken with opposing counsel prior to requesting Court assistance.

  **h.**  Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: Privileged materials should be identified in a privilege log produced with all discovery responses. The parties shall attempt to resolve all disputes regarding privilege amongst themselves before requesting assistance from the Court. The parties agree that all communications commencing after the filing of the underlying Charge of Discrimination on February 9, 2023 and solely between the party and her/its respective legal counsel are privileged, and need not be accounted for in any privilege log. The parties agree to comply with the "claw back" provisions contained in Fed. R. Civ. P. 26(b)(5)(B). If there is any dispute regarding a claim of privilege, the parties shall meet and confer in good faith before asking the Court to intervene. If Court intervention is necessary, the party asserting a privilege bears the burden to prove the document or other item is entitled to privilege and was produced inadvertently.

  **i.**  To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel: None.

  **j.**  All depositions will be governed by the written guidelines on the court's website:

*https://ksd.uscourts.gov/file/843*

  **k.**  A protective order has already been filed in the case (ECF No. 24).

  **l.**  The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

  **m.**  The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their

important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

3. **Motions**

    a.    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **April 28, 2025**.

    b.    All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 29, 2025**. The court will try to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, within 8 months of the dispositive motion deadline.

    c.    Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

    d.    All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **42 days before trial, unless the Daubert challenge encompasses a summary judgment issue, then the motion must be filed by October 29, 2025.**

7

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** See D. Kan. Rule 7.1(d)(1)–(4), for applicable page limitations for discovery-related motions, summary judgment motions, and other motions.

**4.** **Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **October 6, 2025 at 10:00 a.m.** before Magistrate Judge Teresa James by telephone (913-423-1010; access code 454 817 451). No later than **September 26, 2025**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to

8

*ksd_james_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

  **h.** The parties expect the jury trial of this case to take approximately five (5) trial days. The trial for this case will be held in Wichita, Kansas before District Judge Julie A. Robinson. Any motion to change the trial location from Wichita to Kansas City must be filed by **June 2, 2025.** The court will subsequently set this case for trial after ruling on dispositive motions.

  **b.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

  **c.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

  IT IS SO ORDERED.

  Dated March 24, 2025, at Kansas City, Kansas.

/s/ Teresa J. James<br>
U.S. Magistrate Judge