**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| SHELLY LAMB,<br><br>Plaintiff,<br><br>v.<br><br>KANSAS DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | Case No. 24-2030-JAR-TJJ |

**DEFENDANT'S REPLY MEMORANDUM IN**
**SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Kansas Department of Corrections ("KDOC"), and submits this Reply Memorandum in Support of it Motion for Summary Judgment (Doc. 37).

## I. INTRODUCTION

Plaintiff's Title VII claims are either unsupported by the record or plainly contradicted by the undisputed facts. KDOC did not prevent Plaintiff from transitioning at work or appearing as female after she announced she was transgender, nor did it retaliate against her. Because Plaintiff's claims fail as a matter of law, the Court should grant KDOC's Motion for Summary Judgment in its entirety.

## II. PLAINTIFF'S RESPONSE TO KDOC'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Plaintiff only attempts to controvert three of the facts contained in KDOC's Statement of Uncontroverted Material Facts. All of the other facts are, therefore, uncontroverted and undisputed. As shown below, the three facts that Plaintiff attempts to controvert should be treated as uncontroverted.

5. Regarding KDOC's Fact No. 5, Plaintiff attempts but fails to controvert this statement by giving her version of the conversation she had with Heidi Chiles on October 8, 2021, although Plaintiff admittedly does not remember the specifics of the conversation. *See* Lamb Dep. at 22:12-14; 23:23-24:1, attached hereto as Ex. 1. Notably, Plaintiff does not controvert KDOC's Fact No. 6, which states that after this discussion with Chiles, Plaintiff continued to wear makeup that day, did not change her clothes and did not remove her wig while at work or KDOC's Fact No. 10, which states Plaintiff continued to present as female at work beginning in October 2021.

12. Plaintiff attempts to controvert KDOC's Fact No. 12[1], but the evidence cited does not support Plaintiff's position. This fact is, therefore, uncontroverted. Interestingly, while Plaintiff claims "there was implied discipline for failure to follow an order," she testified she had no problem disobeying the alleged directive that she was required to present herself as Michael until her name was legally changed. *See* Ex. 1, Lamb Dep. at 46:12-19.

19. Plaintiff attempts to controvert KDOC's Fact No. 19, which is a direct admission from Plaintiff's deposition, but the evidence cited does not support Plaintiff's position. This fact is, therefore, uncontroverted. While Plaintiff testified about another employee's name in email communications, Plaintiff admitted that she had no knowledge of this employee's situation. *See* Ex. 1, Lamb Dep. at 50:20-51:11. Remarkably, Plaintiff does not controvert KDOC's Fact No. 17 regarding application of KDOC's name change policy by Hutchinson Correctional Facility ("HCF") officials or KDOC's Fact No. 20 regarding Plaintiff's use of her preferred name while at work at HCF including in her email signature block after she announced her transition.

---

[1] KDOC's Fact No. 12 inadvertently contained a typographical error and should instead read, "Ms. Peach did not threaten Plaintiff with any type of discipline if she used the women's restrooms at HCF."

## III. RESPONSE TO ADDITIONAL MATERIAL FACTS RELIED ON BY PLAINTIFF

The Additional Material Facts Relied on by Plaintiff fail to create a genuine issue of material fact that would prevent this Court from granting KDOC's Motion for Summary Judgment. KDOC responds as follows to Plaintiff's additional facts:

P1. Controverted. The evidence cited does not support the statement. The purported citation to Plaintiff's Ex. 1 does not contain any actual reference to the record and Plaintiff's Ex. 2 does not support Plaintiff's position.

P2. Controverted. The evidence cited does not support the statement. Furthermore, it is more argument than fact. It is undisputed that Plaintiff presented as female at work after announcing her transition in October 2021. *See* KDOC's Fact No. 10.

P3. Controverted. The evidence cited does not support the statement. Furthermore, it is more argument than fact regarding Plaintiff's characterization of what she alleges Ms. Chiles was attempting to convince Plaintiff. It is undisputed that Plaintiff transitioned and appeared as female at work and kept her job as a Unit Team Supervisor until she voluntarily quit her employment in August 2022. *See* KDOC's Fact Nos. 10, 67 and 68.

P4. Uncontroverted that Plaintiff claimed Heidi Chiles told her she could not just transition or appear as female, but the cited testimony does not support the contention that Chiles alleged "she had to first obtain a legal finding that she is female." Further, it is undisputed that Plaintiff transitioned and appeared as female at work after October 2021. *See* KDOC's Fact No. 10.

P5. Uncontroverted that Plaintiff testified that she was instructed that she could not use her preferred name and pronouns in her email signature block. It is undisputed, however, that Plaintiff did indeed use her preferred name in her email signature block beginning in October 2021

and was never prevented from doing so. *See* KDOC's Fact Nos. 20 and 21. It is further uncontroverted, but immaterial, that Plaintiff testified she was told not to include pronouns in her email signature block as no one else at HCF had pronouns included in their email signature blocks. *See* Ex. 1, Lamb Dep. at 46:3-6.

P6. Uncontroverted that Plaintiff claims coworkers continued to use her old male name and pronouns after her transition, but undisputed that Plaintiff never made any complaints regarding this behavior. *See* KDOC's Fact No. 55.

## IV. ARGUMENTS AND AUTHORITIES

### A. Plaintiff Was Allowed to Transition in the Workplace.

The undisputed facts show that Plaintiff cannot establish a prima facie case of discrimination under Title VII. Plaintiff focuses her opposition to KDOC's Motion for Summary Judgment on a conversation she had with Heidi Chiles, the Assistant Director of Human Resources at HCF, on October 8, 2021, immediately after she announced she was transgender, although she admits she does not remember the specifics. Plaintiff puts forth baseless assertions regarding what she believes Chiles was attempting to convince Plaintiff of during this conversation and includes arguments lacking any evidentiary support. Courts have repeatedly held that to "defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

There is no dispute, however, that after this conversation, Plaintiff continued to wear makeup that day, did not change her clothes, and did not remove her wig. On the following workday, Plaintiff again came to work wearing a wig, makeup and possibly nail polish. Plaintiff

then met with Christina Peach, the HR Director at HCF, who told Plaintiff she could wear makeup and a wig to work and that what Plaintiff was wearing was fine.

Further, it is undisputed that Plaintiff dressed as she wished and continued to present as female at work from October 2021 until she voluntarily ended her employment in August 2022. Contrary to Plaintiff's arguments, KDOC did not attempt to put a halt to Plaintiff's transition, did not raise hurdles for Plaintiff and did not display a blatant disregard for her rights. "Conclusory statements based on mere subjective belief are insufficient to defeat a motion for summary judgment." *Smith v. Morton, Int'l, Inc.*, No. 09-1050-EFM, 2011 WL 768747, at *5 (D. Kan. Feb. 28, 2011) *aff'd*, 449 F. App'x 739 (10th Cir. 2011).

Plaintiff transitioned while at work at HCF. She was a Unit Team Supervisor both before and after she announced she was transitioning. KDOC never fired, demoted or reassigned Plaintiff to a different position. Plaintiff has not brought "forward specific facts showing a genuine issue for trial [on] those dispositive matters" for which she "carries the burden of proof." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (cleaned up). No amount of hyperbolic language or conclusory arguments can save Plaintiff's claims from summary judgment.

**B. Plaintiff Used Her Preferred Name at Work.**

Plaintiff's assertion that KDOC discriminated against her because it refused to allow her to use her preferred female name is at odds with the uncontroverted facts. Plaintiff began using her preferred name of Shelly while at work at HCF immediately after she announced her transition. She used her preferred name in her email signature block and KDOC never prevented her from doing so. Furthermore, KDOC never disciplined Plaintiff for using her preferred name in her emails. KDOC changed Plaintiff's name in its official records immediately once she obtained a

court ordered name change[2]. In addition to ignoring these facts, Plaintiff cannot establish an adverse employment action, dooming her attempt to state a prima facie case of discrimination under Title VII.

**C. Plaintiff Failed to Report Any Incidents of Coworker Mistreatment.**

Plaintiff argues that after she announced she was transgender, she continued to suffer from mistreatment at the hands of her coworkers until she eventually resigned. This claim fails, however, since Plaintiff readily admits she never reported any alleged harassment or mistreatment by her coworkers. Plaintiff failed to utilize KDOC's anti-discrimination and grievance policies, including mandatory complaint procedures, despite being intimately familiar with them since she served as an EEO representative at HCF and was responsible for applying and enforcing such policies. Plaintiff did not avail herself of these policies and never made KDOC aware of any alleged harassment or mistreatment by her coworkers. KDOC is entitled to summary judgment on this claim.[3]

**D. Plaintiff's Retaliation Claims Fail.**

Plaintiff claims that her October 10, 2021 letter regarding her rights as a transwoman "show a reason for Defendant to retaliate against" her. Further, Plaintiff argues that this letter put Defendant "on notice that they would not be able to discriminate against Plaintiff in her appearance." It is axiomatic that being given a reason to retaliate against someone and actually retaliating against an employee for exercising rights under Title VII are very different things.

---

[2] Plaintiff accuses KDOC of minimizing its actions by arguing that it changed Plaintiff's name in the system upon Plaintiff's presentation of proof of a court ordered name change. Far from minimizing its actions, KDOC was obligated to make this argument as Plaintiff continues to allege that KDOC refused to change her name in its system once she obtained a court ordered name change despite indisputable evidence that it did so.

[3] As stated in its Motion, KDOC believes that this claim may have been abandoned since it was not specifically included in Plaintiff's Pretrial Order contentions.

KDOC's Memorandum in Support demonstrates why Plaintiff's retaliation claims fail as a matter of law.

Plaintiff argues in response that KDOC retaliated against her by insisting she obtain a legal name change before she would be allowed to use her preferred name. KDOC, however, applied its name change policy uniformly and in a non-discriminatory manner. Once Plaintiff obtained a court-ordered name change, KDOC immediately changed Plaintiff's name in its official records. Further, there is no dispute that Plaintiff began using her preferred name at HCF before she obtained an official name change, including in her work emails. Plaintiff is unable to show that KDOC retaliated against her in its application of its name change policy.

Plaintiff's argument that KDOC insisted she obtain legal status as a woman before she would be allowed to transition at work and present as female in the workplace is simply untrue. Plaintiff cannot dispute that she transitioned at work beginning in October 2021 and presented as female. KDOC did not prevent that from happening and no reasonable jury could conclude that KDOC retaliated against Plaintiff. Accordingly, the Court should grant KDOC summary judgment on Plaintiff's retaliation claims.[4]

**E. Plaintiff is Not Entitled to Emotional Distress Damages.**

Plaintiff argues that in its attempt to minimize acts of discrimination, KDOC does not argue that Plaintiff suffered no damages and, therefore, having suffered damages, she may recover emotional distress damages under Title VII. In its Motion for Summary Judgment, KDOC argues that Plaintiff cannot establish her claims of discrimination and retaliation as a matter of law. As such, there was no need to address Plaintiff's claimed damages, as she is not entitled to recover any. Moreover, Plaintiff has merely put forth a conclusory argument that she has suffered damages

[4] Plaintiff did not respond to KDOC's arguments as to why summary judgment should be granted on her claims of retaliation related to changes in job responsibilities, office moves and constructive discharge.

not tied to any facts in the record. Such conclusory arguments are insufficient to defeat summary judgment.

**F. Plaintiff Has Failed to Respond to Many of KDOC's Arguments.**

Plaintiff's Response brief is silent on several of KDOC's summary judgment arguments. Plaintiff does not respond to or address KDOC's Motion for Summary Judgment on Plaintiff's claims related to inmate catcalling and hazing (Doc. 38, p. 19-20), hostile work environment (Doc. 38, p. 20-21), or Plaintiff's retaliation claims related to changes in job responsibilities (Doc. 38, p. 22-24), office moves (Doc. 38, p. 24-25) or constructive discharge (Doc. 38, p. 25-26). Plaintiff's claims could be considered abandoned because of her failure to respond on these issues. *See Jeanpierre v. Foot Locker, Inc.* No. 02-4138-JAR, 2003 WL 22300175 (D. Kan. Oct. 2, 2003)(citing *Eckholt v. American Business Information, Inc.*, 873 F.Supp. 526 (D. Kan. 1994)); *See also Campbell v. Meredith Corp.*, 260 F.Supp.2d 1087 (D. Kan. 2003)(employee's discrimination claims could be considered abandoned to the extent that employee did not address them in his response to employer's motion for summary judgment). Even if not abandoned, KDOC is entitled to summary judgment on these claims.

## V. CONCLUSION

Plaintiff has failed to bring forward specific facts showing a genuine issue for trial. Her allegations are either unsupported by the record or contradicted by the undisputed facts. Since Plaintiff's claims fail as a matter of law, KDOC is entitled to summary judgment.

WHEREFORE, for the reasons stated herein, KDOC respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims.

Respectfully submitted,

HINKLE LAW FIRM LLC

By: /s/ Eric W. Barth
Eric W. Barth, KS # 21193
Bradley J. Schlozman, KS #17621
1617 North Waterfront Pkwy, Suite 400
Wichita, Kansas 67206
Telephone: (316) 267-2000
Facsimile: (316) 630-8466
E-mail: ebarth@hinklaw.com
bschlozman@hinklaw.com
*Attorneys for Defendant*
*Kansas Department of Corrections*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

/s/ Eric W. Barth
Eric W. Barth